[6 NE3d 578, 983 NYS2d 460]

Country-Wide Insurance Company, Appellant, v Preferred Trucking Services Corp. et al., Defendants, and Filippo Gallina et al., Respondents.

Argued January 15, 2014; decided February 18, 2014

**POINTS OF COUNSEL**

*Thomas Torto*, New York City, for appellant. Since Preferred Trucking Services Corp.'s liability is vicarious, Country-Wide Insurance Company could not disclaim as to it so long as its driver was cooperating with the defense of the underlying action, regardless of whether Preferred Trucking's president was cooperating. (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64; *Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Allstate Ins. Co. v Gross*, 27 NY2d 263; *2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282; *DeSantis Bros. v Allstate Ins. Co.*, 244 AD2d 183; *Aetna Cas. & Sur. Co. v Brice*, 72 AD2d 927; *Fish King Enters. v Countrywide Ins. Co.*, 88 AD3d 639; *Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511; *Continental Cas. Co. v Stradford*, 11 NY3d 443.)

*Alexander J. Wulwick*, New York City, for respondents. I. Plaintiff's sole argument on appeal was not presented to the Supreme Court and was raised for the first time in the Appellate Division. Accordingly, it should be rejected as not having

been properly preserved for the Court's review. (*Wild v Catholic Health Sys.*, 21 NY3d 951; *Continental Cas. Co. v Stradford*, 11 NY3d 443; *Rios v Smith*, 95 NY2d 647; *Cummins v County of Onondaga*, 84 NY2d 322; *Haynes v Haynes*, 83 NY2d 954; *Matter of State of New York v Rashid*, 16 NY3d 1; *Harvey v Mazal Am. Partners*, 79 NY2d 218.) II. In the alternative, plaintiff's argument should be rejected on the merits, since it finds no factual support in the record. (*2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64; *George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA*, 92 AD3d 104.)

### OPINION OF THE COURT

PIGOTT, J.

Filippo Gallina was injured during the unloading of a vehicle owned by Preferred Trucking Services Corp. and operated by Carlos Arias. In March 2007, Gallina and his wife commenced a personal injury action against Preferred Trucking, Arias, and other defendants. Preferred Trucking was insured by Country-Wide Insurance Company under a "business auto policy" with limits of $500,000 per accident. The policy, a standard one, required that insureds cooperate with Country-Wide in its investigation or settlement of a claim or defense against a lawsuit.

Throughout the spring of 2007, Country-Wide made numerous attempts to contact both the president of Preferred Trucking, Andrew Markos, and the driver, Arias, with no success. Markos and Arias did not respond to the lawsuit either and, as a result, on September 21, 2007, the plaintiffs filed an application for a default judgment against Preferred Trucking and Arias. When their attorney faxed a copy of the motion to Country-Wide on October 4, 2007, the insurance company received its first formal notice of the lawsuit. On October 10, 2007, Country-Wide informed Preferred Trucking and Arias, by letters, that it was exercising its "right to issue a disclaimer of indemnity" and reserving its "right to disclaim any duty to defend" because of the insureds' failure to cooperate.

At this point, Markos contacted Country-Wide, once, expressing willingness to cooperate, but he then proved impossible to reach. The insurance company continued its efforts to contact Markos and Arias through the summer of 2008. Meanwhile, Cheven, Keely & Hatzis, a law firm retained by Country-Wide to defend its insureds, sent multiple letters to Arias, advising

him of a scheduled deposition and reminding him of the need to cooperate. On May 29, 2008, Supreme Court informed the parties that failure to submit to a deposition would preclude Preferred Trucking "from offering evidence in support of its claims or defenses." Further futile efforts by Cheven, Keely & Hatzis to reach Markos and Arias ensued.

On July 7, 2008, a Country-Wide investigator visited Markos's home for the sixth time. Markos's wife said that her husband was not at home, but she would relay a message to him that he should call Country-Wide. Again, Markos failed to respond.

On July 28, 2008, a Country-Wide investigator was able to speak with Arias's daughter, who told the investigator that Arias did not speak much English, but gave him her father's cell phone number. On August 18, a Spanish-speaking Country-Wide investigator finally reached Arias; according to the investigator's notes, Arias said he would cooperate. The following day, Cheven, Keely & Hatzis wrote to Arias, in Spanish, informing him of the upcoming deposition, now scheduled for September 9. Arias did not respond.

On October 13, 2008, the Spanish-speaking investigator again spoke to Arias, who now said that he did not "care about the EBT date," because of a "family situation." The investigator was unable to reach Arias by telephone over the next two days, although he left messages explaining in Spanish the urgent need for Arias to attend the deposition (or reschedule it). On October 16, 2008, Supreme Court granted the Gallinas' motion to strike defendants' answer for failure to appear.

On November 6, 2008, Country-Wide disclaimed its obligation to defend and indemnify Preferred Trucking and Arias, based upon refusal to cooperate in the defense. Subsequently, Supreme Court granted the motion of Cheven, Keely & Hatzis to be relieved as defendants' counsel.

Supreme Court struck defendants' answer, awarded judgment to the Gallinas, and directed an assessment of damages. An inquest was duly held and Supreme Court awarded the Gallinas $2,550,000 in damages, by default, against Preferred Trucking, plus interest, costs and disbursements.

Country-Wide brought the present action against Preferred Trucking, Arias, the Gallinas, and others, seeking a declaration that it is not obligated to defend and indemnify Preferred Trucking and Arias in the underlying action. The Gallinas moved for

summary judgment, arguing, among other things, that Country-Wide's disclaimers were untimely as a matter of law. Country-Wide cross-moved for summary judgment.

Supreme Court granted the Gallinas' motion to the extent of declaring that Country-Wide is obligated to indemnify Preferred Trucking in the underlying action, granted Country-Wide's cross motion to the extent of declaring that Country-Wide is not obligated to indemnify Arias (and is obliged to indemnify Preferred Trucking only up to the policy limit), and otherwise denied Country-Wide's cross motion. Country-Wide appealed. (2011 NY Slip Op 32214[U] [2011].) The Gallinas did not cross-appeal.

On appeal, the parties dispute one question: whether Country-Wide's November 6, 2008 disclaimer was timely as a matter of law. The Appellate Division affirmed Supreme Court's order, insofar as appealed from, holding that the insurer's disclaimer on that date "was untimely, since it came approximately four months after it learned of the ground for the disclaimer" (99 AD3d 582, 582 [1st Dept 2012]).

We granted Country-Wide leave to appeal, and now reverse.

The governing statute in this area is Insurance Law § 3420, which provides, with respect to a liability policy issued or delivered in New York, that if

> "an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice *as soon as is reasonably possible* of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant" (Insurance Law § 3420 [d] [2] [emphasis added]).

The law protects both policyholders and injured parties who are made aware as soon as possible that the defendant's insurer has a ground for refusal of coverage.

We have clarified the application of the statute by holding that

> "once the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage, it must notify the policyholder in writing as soon as is reasonably possible . . . [T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage"

(*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66, 68-69 [2003] [internal quotation marks and citation omitted]).

Moreover, "[a]n insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay" (*id.* at 69).

The question whether an insurer disclaimed as soon as reasonably possible is necessarily case-specific. In some cases, very different from this one, the justification for disclaimer is "readily ascertainable from the face of the complaint in the underlying action" (*Fish King Enters. v Countrywide Ins. Co.*, 88 AD3d 639, 642 [2d Dept 2011]) or "all relevant facts supporting . . . a disclaimer [are] immediately apparent . . . upon . . . receipt of notice of the accident" (*Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511, 513 [2d Dept 2006]). In such cases, a disclaimer must be made rapidly. The present appeal, on the other hand, involves disclaimer for noncooperation by an insured. A determination as to whether such a disclaimer was made within a reasonable time is more complex because "an insured's noncooperative attitude is often not readily apparent" (*Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]). We have emphasized that "insurers must be encouraged to disclaim for noncooperation only after it is clear that further reasonable attempts to elicit their insured's cooperation will be futile" (*id.* at 450).

The primary reason that we allow a longer period for disclaimer for noncooperation lies in a well-established principle of our case law, which is intended to facilitate the full compensation of injured victims suing for damages. This is the requirement that an insurer may not properly disclaim for noncooperation unless it has satisfied its burden, described in the precedent as "a heavy one indeed," of showing "that it acted diligently in seeking to bring about the insured's co-operation; that the efforts employed by the insurer were reasonably calculated to obtain the insured's co-operation; and that the attitude of the insured, after his co-operation was sought, was one of willful and avowed obstruction" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967] [internal quotation marks and citations omitted]).

Country-Wide does not dispute that it knew or should have known in July 2008 that *Markos*, the president of Preferred Trucking, would not cooperate. Instead, Country-Wide contends that it was not in a position to know that *Arias*, the driver of the vehicle, would not cooperate until October 13, 2008, when he said he did not "care about the EBT date."

Country-Wide's argument is compelling. The period at issue extends from July to October 2008. During most of this time, while it may have been clear that Markos would not be cooperative, the situation with respect to Arias remained opaque. One Country-Wide investigator made a breakthrough in that he reached Arias's daughter, who volunteered her father's contact number and explained that Arias spoke little English, possibly accounting for his failure to communicate with Country-Wide. Moreover, when a Spanish-speaking Country-Wide investigator finally reached him, Arias said he would cooperate. It was only in mid-October 2008 that Arias's unwillingness to cooperate became clear, when he told the investigator that he did not care about the deposition and thereafter gave no further response.

In these circumstances, in which Arias "punctuated periods of noncompliance with sporadic cooperation or promises to cooperate" (*Stradford*, 11 NY3d at 450), we hold that Country-Wide established as a matter of law that its delay was reasonable. The Gallinas fail to raise a triable issue of fact regarding whether Country-Wide knew or should have known that it would disclaim coverage as soon as it became clear that Markos would not cooperate. The named insured was Preferred Trucking, and its cooperation could occur through Arias, the driver. Arias, unlike Markos, had personal knowledge of the accident and was in a position to provide a meaningful defense, or, alternatively, testify in such a way as to bind Preferred Trucking. As Country-Wide argues, as long as it was still seeking Arias's cooperation in good faith, it could not disclaim.

Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted declaring that Country-Wide is not obligated to defend and indemnify Preferred Trucking in the underlying action.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order reversed, with costs, and judgment granted declaring in accordance with the opinion herein.