■ LAKEISHA MAYO, Individually and as Parent and Natural Guardian of QUINISHA MAYO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [3 NYS3d 36]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated January 10, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged conduct of the defendant Said Clay, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's child allegedly was assaulted by the defendant Said Clay, an employee of the defendant New York City Transit Authority (hereinafter the NYCTA), during the course of the child's participation in the NYCTA's community service program. Among other things, the complaint alleged that the NYCTA was negligent in training, hiring, and supervising Clay, and negligent in supervising the plaintiff's child while she was in the program. The Supreme Court denied the NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it, and the NYCTA appeals.

"Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *see Adams v New York City Tr. Auth.*, 88 NY2d 116, 119 [1996]). Here, the evidence submitted by the NYCTA demonstrated that Clay's conduct clearly was not in furtherance of the NYCTA's business and was a departure from the scope of his employment, having been committed for wholly personal motives (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d at 251; *Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932 [1999]; *John B. v Allegro Vivace Music Sch., Inc.*, 113 AD3d 800 [2014]; *R. v R.*, 37 AD3d 577 [2007]; *Kirkman v Astoria Gen. Hosp.*, 204 AD2d 401 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the NYCTA's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for Clay's alleged conduct.

The Supreme Court properly denied that branch of the NYCTA's motion which was for summary judgment dismissing so much of the complaint as alleged that it negligently supervised the plaintiff's child. The standard for determining whether a duty to supervise a minor was breached is "whether a parent of ordinary prudence placed in the identical situation and armed with the same information would invariably have provided greater supervision" (*Mary KK. v Jack LL.*, 203 AD2d 840, 841-842 [1994]; *see Doe v Rohan*, 17 AD3d 509, 511 [2005]). "Where third-party criminal acts intervene between defendant's negligence and plaintiff's injuries, the causal connection may be severed, precluding liability. The criminal intervention of third parties may, however, be a 'reasonably foreseeable' consequence of circumstances created by the defendant" (*Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946 [1997] [citations omitted]). Contrary to the NYCTA's contention, it failed to submit

evidence sufficient to demonstrate, prima facie, that it adequately supervised the plaintiff's child or that its alleged negligent supervision of that child was not a proximate cause of her injuries. Since the NYCTA failed to establish its prima facie entitlement to judgment as a matter of law with respect to this cause of action, that branch of their motion was properly denied regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.