# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1173

CA 16-00768

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

ANGELA BERARDI, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

NIAGARA COUNTY, ET AL., DEFENDANTS,
AND NIAGARA COUNTY SHERIFF JAMES R.
VOUTOUR, DEFENDANT-APPELLANT.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ELIZABETH M. BERGEN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, LLP, BUFFALO (ANDREW CONNELLY
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered July 21, 2015. The order, insofar as appealed
from, reinstated plaintiff's amended complaint against defendant
Niagara County Sheriff James R. Voutour.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, and the amended
complaint against defendant Niagara County Sheriff James R. Voutour is
dismissed.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained after being sexually assaulted and
subjected to verbal sexual harassment by defendant Brian M. Meacham
(Meacham) while plaintiff was incarcerated in the Niagara County Jail.
Meacham was employed by defendant Eastern Niagara Hospital, Inc. (ENH)
and, on the date of the incident, he was providing radiology services
to inmates at the jail, including plaintiff. Defendant Niagara County
contracted with defendant Armor Correctional Health Services of New
York, Inc. (Armor) to provide medical services at the jail, and Armor
subcontracted with ENH to provide radiology services.

Supreme Court previously granted the pre-answer motion of, inter
alia, defendant Niagara County Sheriff James R. Voutour (Sheriff) to
dismiss the amended complaint against him and thereafter, upon
granting plaintiff's motion for leave to reargue pursuant to CPLR 2221
(d) (2), reinstated the amended complaint against him. We agree with
the Sheriff that the amended complaint was properly dismissed against
him, and we therefore reverse the order insofar as appealed from.

Plaintiff was not required to file a notice of claim or comply

with General Municipal Law §§ 50-h and 50-i prior to the commencement of the action against the Sheriff (*see generally Mosey v County of Erie*, 117 AD3d 1381, 1386), and we thus agree with plaintiff that the Sheriff was not entitled to dismissal on that ground.  We conclude, however, that the amended complaint failed to state a cause of action against the Sheriff, which was asserted as an alternative basis for dismissal.  The allegations against him were based only on respondeat superior and, even assuming, arguendo, that Meacham was the Sheriff's agent, servant or employee, we conclude that the Sheriff is not liable for Meacham's alleged sexual assault of plaintiff (*see generally D'Amico v Correctional Med. Care, Inc*., 120 AD3d 956, 959; *Hooper v Meloni*, 123 AD2d 511, 512).  It is well settled that a principal or employer may be vicariously liable for the tortious acts of its employees only if those acts were "committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr*., 97 NY2d 247, 251; *see Riviello v Waldron*, 47 NY2d 297, 302) and, here, the sexual assault allegedly perpetrated by Meacham was not an act committed in furtherance of the Sheriff's business and was "a clear departure from the scope of employment" (*N.X.*, 97 NY2d at 251; *see Krioutchkova v Gaad Realty Corp.*, 28 AD3d 427, 428).  We further conclude that the Sheriff is not liable for Meacham's alleged verbal sexual harassment of plaintiff because "the doctrine of respondeat superior, or vicarious liability based on the agency relationship, is not available in cases involving . . . sex-based discrimination and its sexual harassment component" (*Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 53, *lv denied* 89 NY2d 809).

In light of our determination, we do not reach the Sheriff's remaining contentions.

Entered:  February 3, 2017                        Frances E. Cafarell
                                                  Clerk of the Court