Matter of Wehr v Brown (2019 NY Slip Op 01081)





Matter of Wehr v Brown


2019 NY Slip Op 01081


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-04784
 (Index No. 19700/15)

[*1]In the Matter of Everett Wehr, appellant,
v
Dennis M. Brown, etc., et al., respondents.


Wayne J. Schaefer, LLC, Smithtown, NY, for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Megan O'Donnell of counsel), respondent pro se and for respondent County of Suffolk.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 9, 2016. The judgment denied the petition to annul a determination of the respondent Suffolk County Attorney, dated July 21, 2015, finding that the petitioner is not entitled to defense or indemnification in an action entitled Olsen v Wehr, pending in the Supreme Court, Suffolk County, under Index No. 10515/15, and, in effect, dismissed the petition/complaint.
ORDERED that the judgment is affirmed, with costs.
The petitioner/plaintiff (hereinafter the petitioner) is a police officer employed by the County of Suffolk. In June 2015, a fellow police officer commenced an action against the petitioner to recover damages for sexual assault and battery. Shortly after the assault action was commenced, the petitioner requested, pursuant to Code of Suffolk County § 42-3(A) (former Code of Suffolk County § 35-3[A]), that the County provide for his legal defense in the underlying action. The Suffolk County Attorney denied the request, finding that the alleged acts did not occur within the scope of the petitioner's employment. In November 2015, the petitioner commenced this hybrid proceeding and action to annul the County Attorney's determination as arbitrary and capricious, and for a judgment declaring, among other things, that the County must defend and indemnify him in the underlying action. The Supreme Court denied the petition and, in effect, dismissed the petition/complaint.
The determination of the County Attorney as to whether the acts which formed the basis of the underlying action were committed within the scope of the petitioner's employment may be set aside only if it was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Salino v Cimino, 1 NY3d 166, 172; Matter of DiLeonardo v Nassau County Police Officer Indemn. Bd., 148 AD3d 701, 702). That standard was not met here. A sexual assault perpetrated by an employee is not in furtherance of business and is a clear departure from the scope of employment, having been committed for wholly personal motives (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251; Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; Berardi v Niagara County, 147 AD3d 1400, 1402; Mayo v New York City Tr. Auth., 124 AD3d 606, 607; "John Doe 1" v Board of Educ. of Greenport [*2]Union Free Sch. Dist., 100 AD3d 703, 706; Kunz v New Netherlands Routes, Inc., 64 AD3d 956, 958; Bowman v State, 10 AD3d 315, 316). Accordingly, the County Attorney's determination denying the petitioner a defense and indemnification in the underlying action was not arbitrary or capricious.
Additionally, although the petitioner asserted causes of action seeking declaratory relief, in essence, he was seeking review of the County Attorney's determination (see Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d 1004, 1007). That issue is subject to review only pursuant to CPLR article 78 (see Matter of Whitted v City of Newburgh, 65 AD3d 1365, 1369; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d at 1007). Accordingly, we agree with the Supreme Court's determination dismissing the declaratory judgment causes of action (see Matter of Coney-Brighton Boardwalk Alliance v New York City Dept. of Parks & Recreation, 122 AD3d 924, 926; see also Matter of Baker v Village of Elmsford, 70 AD3d 181, 190; Matter of East Moriches Prop. Owners' Assn., Inc. v Planning Bd. of Town of Brookhaven, 66 AD3d 895, 896).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court