Burlington Ins. Co. v Sublink Ltd. (2021 NY Slip Op 03403)





Burlington Ins. Co. v Sublink Ltd.


2021 NY Slip Op 03403


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 655105/19 Appeal No. 13988N Case No. 2020-02328N 

[*1]The Burlington Insurance Company, Plaintiff-Appellant,
v
Sublink Ltd., Defendant, Highmark Independent, LLC, et al., Nominal Defendants-Respondents.


Lazare Potter Giacovas & Moyle LLP, New York (Yale Glazer of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Joshua Zimring of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 21, 2020, which denied plaintiff Burlington Insurance Company's motion for a default judgment declaring that it has no defense or indemnification obligation to defendant Sublink Ltd. in the underlying personal injury action, unanimously affirmed, without costs.
Based on the allegations of the complaint, along with Burlington's supporting affidavits, Supreme Court correctly denied Burlington's motion for a default judgment against Sublink declaring that it is not obligated to defend or indemnify, because Burlington has failed to establish that its disclaimer was timely (see Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2d Dept 2011]).
The reasonableness of any delay is computed from the time that the insurer becomes sufficiently aware of the facts which would support a disclaimer, and "where the basis for the disclaimer was, or should have been, readily apparent before the onset of the delay, any explanation by the insurer for its delay will be insufficient as a matter of law" (Hunter Roberts Constr. Group, LLC v Arch Ins. Co., 75 AD3d 404, 409 [1st Dept 2010]). Although in Country-Wide Ins. Co. v Preferred Trucking Servs. Corp. (22 NY3d 571, 576 [2014] [internal quotation marks omitted]), the Court of Appeals found that a disclaimer based on noncooperation is complex because "an insured's noncooperative attitude is often not readily apparent," here, counsel retained by Burlington sent Sublink's principal written letters on May 8, 2015 and May 19, 2017, and retained counsel's calendar clerk made numerous calls starting in August 2017. Thus, by the time Burlington issued its May 23, 2018 reservation of rights letter, Burlington already possessed all of the necessary information regarding Sublink's failure to cooperate, and Burlington's September 5, 2019 disclaimer was untimely.
Burlington's argument that it was required to wait for the Second Department's determination in connection with prior preclusion order in the underlying action based on Sublink's failure to appear for deposition is unavailing. An insurer is not required to establish prejudice due to noncooperation before it may disclaim (see Atlantic Mut. Ins. Co. v Struve, 210 AD2d 112, 114 [1st Dept 1994], lv denied 85 NY2d 803 [1995]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021