D'Angelo v Philadelphia Indem. Ins. Co. (2022 NY Slip Op 04457)

D'Angelo v Philadelphia Indem. Ins. Co.

2022 NY Slip Op 04457

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

358 CA 21-01096

[*1]BRIANNA D'ANGELO, PLAINTIFF-APPELLANT,
v
PHILADELPHIA INDEMNITY INSURANCE COMPANY, DEFENDANT-RESPONDENT. 

THE BARNES FIRM, P.C., ROCHESTER (MARTHA PIGOTT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 5, 2021. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the complaint and granting judgment in favor of defendant as follows:
It is ADJUDGED and DECLARED that plaintiff is not entitled to supplemental uninsured/underinsured motorist coverage from defendant,
and as modified the order is affirmed without costs.
Memorandum: This action arises from an accident that occurred when plaintiff, who was operating her personal motor vehicle while performing work for her employer, was rear-ended by another vehicle. As a result, plaintiff suffered an alleged serious injury within the meaning of Insurance Law § 5102 (d). Because the insurance policy on the other vehicle had a limit of only $100,000 per person, plaintiff informed her employer that she would be filing a claim for supplemental uninsured/underinsured motorist (SUM) benefits with defendant, her employer's insurance company. Approximately 14 months after receiving notice of plaintiff's claim, defendant disclaimed coverage, and plaintiff commenced the instant action seeking a judgment declaring that defendant's disclaimer is invalid and that plaintiff is entitled to SUM benefits. Supreme Court granted defendant's motion for summary judgment dismissing the complaint.
At the outset, we reject plaintiff's contention that the court was required to deny the motion based on defendant's failure to submit its answer with its initial moving papers. Defendant's answer was submitted in its reply papers, was before the court when it decided the motion, and is part of the record on appeal (see CPLR 2001; Miller v Howard, 134 AD3d 1537, 1537 [4th Dept 2015]; Dale v Gentry, 66 AD3d 1469, 1469 [4th Dept 2009]).
Contrary to plaintiff's contention, defendant met its initial burden of establishing that plaintiff was not an insured under defendant's policy, and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, the court properly determined that defendant's disclaimer was based on a lack of coverage rather than a policy exclusion and that timely disclaimer pursuant to Insurance Law § 3420 (d) was not required (see Progressive Northeastern Ins. Co. v Farmers New Century Ins. Co., 83 AD3d 1519, 1520 [4th Dept 2011]; Konstantinou v Phoenix Ins. Co., 74 AD3d 1850, 1852 [4th Dept 2010], lv denied 15 NY3d 712 [2010]; see generally Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188-189 [2000]). The court, however, erred in dismissing the complaint and in failing to declare the rights of the parties in this declaratory judgment action [*2](see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]; Leo v New York Cent. Mut. Fire Ins. Co., 136 AD3d 1333, 1333 [4th Dept 2016], lv denied 28 NY3d 902 [2016]). We therefore modify the order accordingly.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court