Carrols Rest. Group, Inc. v American Guar. & Liab. Ins. Co. (2024 NY Slip Op 01392)

Carrols Rest. Group, Inc. v American Guar. & Liab. Ins. Co.

2024 NY Slip Op 01392

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

46 CA 23-00072

[*1]CARROLS RESTAURANT GROUP, INC., PLAINTIFF-APPELLANT,
v
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, DEFENDANT-RESPONDENT. 

DICELLO LEVITT LLP, NEW YORK CITY (GREG G. GUTZLER OF COUNSEL), AND THE CAREY LAW FIRM, GRAND ISLAND, FOR PLAINTIFF-APPELLANT.
MOUND OTTON WOLLAN & GREENGRASS LLP, NEW YORK CITY, WIGGIN AND DANA LLP (DAVID R. ROTH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered November 17, 2022. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the complaint to the extent that it seeks a declaration and granting judgment in favor of defendant as follows:
It is ADJUDGED and DECLARED that plaintiff is not entitled to coverage from defendant for the subject loss,
and as modified the order is affirmed without costs.
Memorandum: Plaintiff operates numerous Burger King and Popeyes restaurants throughout New York State and 22 other states and is insured under a commercial property insurance policy issued by defendant. After its restaurants were impacted by COVID-19 and related closure orders, plaintiff submitted a claim to defendant for its losses, and defendant disclaimed coverage. Plaintiff commenced this action, alleging that defendant had breached the terms of the insurance policy and seeking a declaration that the insurance policy issued by defendant provided coverage for the subject losses. Defendant moved pursuant to CPLR 3211 (a) (1) and (a) (7) to dismiss the complaint, and Supreme Court granted the motion. Plaintiff appeals.
"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]). Here, defendant submitted the insurance policy as documentary proof under CPLR 3211 (a) (1) (see Ralex Servs., Inc. v Southwest Mar. & Gen. Ins. Co., 155 AD3d 800, 801-802 [2d Dept 2017]).
The policy insured "against direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property." A covered cause of loss was defined as "[a]ll risks of direct physical loss of or damage from any cause unless excluded." As recently explained by the Court of Appeals, "direct physical loss or damage requires a material alteration or a complete and persistent dispossession of insured property" (Consolidated Rest. Operations, Inc. v Westport Ins. Corp., — NY3d &mdash, &mdash, 2024 NY Slip Op 00795, *2 [2024]). Here, plaintiff failed to allege either a material alteration or a complete and persistent dispossession of insured property, and thus the court properly determined that the policy did not cover plaintiff's claims. The court erred, however, in dismissing the complaint in its entirety and in failing to declare the rights of [*2]the parties (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]; D'Angelo v Philadelphia Indem. Ins. Co., 207 AD3d 1138, 1139-1140 [4th Dept 2022]). We therefore modify the order accordingly.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court