The Chapel v GuideOne Mut. Ins. Co. (2025 NY Slip Op 00580)

The Chapel v GuideOne Mut. Ins. Co.

2025 NY Slip Op 00580

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

899 CA 22-00483

[*1]THE CHAPEL, ALSO KNOWN AS THE CHAPEL AT CROSSPOINT, PLAINTIFF-RESPONDENT,
v
GUIDEONE MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT, JENNIFER G. FLANNERY, ERIE COUNTY PUBLIC ADMINISTRATOR, AS ADMINISTRATOR OF THE ESTATE OF EDWARD BATT, DECEASED, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. (APPEAL NO. 1.) 

LAW OFFICES OF PATEL & RATHJE, GARDEN CITY (CARLA VARRIALE-BAKER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WALSH, ROBERTS & GRACE, BUFFALO (MARK P. DELLA POSTA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
PERSONIUS MELBER LLP, BUFFALO (SCOTT R. HAPEMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered December 7, 2021. The judgment granted the motions of plaintiff and Edward Batt for summary judgment. 
It is hereby ORDERED that said appeal from the judgment insofar as it granted the motion of plaintiff is unanimously dismissed and the judgment is modified on the law by denying the motion of Edward Batt, vacating the declaration with respect to Edward Batt, and granting judgment in favor of defendant GuideOne Mutual Insurance Company as follows:
It is ADJUDGED and DECLARED that defendant GuideOne Mutual Insurance Company is not obligated to defend or indemnify Edward Batt in the underlying action,
and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking a judgment declaring that defendant GuideOne Mutual Insurance Company (GuideOne), is obligated to defend and indemnify it in an underlying action alleging that Edward Batt (decedent), who was a youth group leader in plaintiff's employ, committed acts of sexual abuse against the plaintiff in the underlying action (tort plaintiff). Decedent asserted a cross-claim against GuideOne also seeking a declaration that GuideOne was obligated to defend and indemnify him in the underlying action. Plaintiff moved for summary judgment on its complaint, and decedent moved for summary judgment on his cross-claim. In appeal No. 1, GuideOne appeals from a judgment that granted both motions and declared that GuideOne was obligated to defend and indemnify plaintiff and decedent. GuideOne moved for leave to renew and reargue the motions. In appeal No. 2, GuideOne appeals from an order that granted its motion to the extent that it sought leave to reargue plaintiff's motion and, upon reargument, adhered to the prior determination granting plaintiff's motion but clarified the reasoning.
Initially, inasmuch as Supreme Court granted that part of GuideOne's motion seeking leave to reargue plaintiff's motion, we conclude that GuideOne's appeal from the judgment in appeal No. 1 should be dismissed to the extent that GuideOne is challenging the grant of summary judgment to plaintiff because the order in appeal No. 2 entered on reargument supersedes that part of the judgment in appeal No. 1 (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). Inasmuch as the court, in effect, denied that part of GuideOne's motion seeking leave to renew and reargue decedent's motion, GuideOne's appeal from the judgment in appeal No. 1 is properly before us with respect to decedent's motion.
With respect to appeal No. 1, we agree with GuideOne that the court erred in granting decedent's motion, and we further agree with GuideOne that the court erred in denying its request for summary judgment as a non-moving party (see CPLR 3212 [b]). We therefore modify the judgment accordingly.
In support of his motion, decedent contended that the notice of disclaimer issued by GuideOne was untimely as a matter of law. It is well settled, however, that an insurer is not required to issue a disclaimer of coverage under Insurance Law § 3420 (d) (2) when a claim falls outside the scope of the policy's coverage portion (see Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188 [2000]). In addition, an insurer is not required to issue a disclaimer under section 3420 (d) (2) if the underlying claim does not arise out of an "accident" involving bodily injury (see KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 590 [2014]; Vecchiarelli v Continental Ins. Co., 277 AD2d 992, 993 [4th Dept 2000]).
Here, the commercial policies issued to plaintiff defined an insured to include plaintiff's employees, other than its executive officers, "but only for acts within the scope of their employment by you." Assuming that the allegations of sexual abuse in the underlying complaint are true, we conclude that "it is clear that [decedent] departed from his duties for solely personal motives unrelated to the furtherance of [plaintiff's] business" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]; see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]; Berardi v Niagara County, 147 AD3d 1400, 1401 [4th Dept 2017]). In other words, decedent was not acting within the scope of his employment when he allegedly committed the acts of sexual abuse, and he was therefore not an insured under the policies. Inasmuch as decedent was not an insured under the policies, GuideOne was not required to issue a timely disclaimer under Insurance Law § 3420 (d) (2) (see D'Angelo v Philadelphia Indem. Ins. Co., 207 AD3d 1138, 1139 [4th Dept 2022]; State Farm Fire & Cas. Co. v Raabe, 100 AD3d 738, 739-740 [2d Dept 2012]).
In addition, even if decedent was an insured under the policies, we conclude that the underlying claim did not arise out of an accident. " '[I]n deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen' " (RJC Realty Holding Corp. v Republic Franklin Ins. Co., 2 NY3d 158, 163 [2004], quoting Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 145 [2000]). Here, the alleged sexual abuse of the tort plaintiff was intended from decedent's point of view and was not an accident (see id.; State Farm Fire & Cas. Co. v Joseph M., 106 AD3d 806, 807-808 [2d Dept 2013]; Matter of Sormani v Orange County Community Coll., 263 AD2d 511, 511 [2d Dept 1999]). GuideOne therefore was not required to issue a timely disclaimer under Insurance Law § 3420 (d) (2) (see generally KeySpan Gas E. Corp., 23 NY3d at 590; Vecchiarelli, 277 AD2d at 993).
With respect to appeal No. 2, we reject GuideOne's contention that the court erred in granting plaintiff's motion. GuideOne does not dispute that plaintiff is an insured under the policy and that, from plaintiff's standpoint, the underlying claim arose out of an accident (see RJC Realty Holding Corp., 2 NY3d at 164-165). GuideOne contends, however, that it issued a disclaimer pursuant to Insurance Law § 3420 (d) (2) as soon as reasonably possible. An insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay (see Country-Wide Ins. Co. v Preferred Trucking Servs. Corp., 22 NY3d 571, 576 [2014]; Stachowski v United Frontier Mut. Ins. Co., 148 AD3d 1716, 1717 [4th Dept 2017]). The time from which an insurer's obligation to disclaim is measured begins when the insurer first becomes aware of the ground for its disclaimer (see Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008]; Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1056 [1991], rearg denied 79 NY2d 823 [1991]). "The question whether an insurer disclaimed as soon as reasonably possible is [*2]necessarily case-specific" (Country-Wide Ins. Co., 22 NY3d at 576). "[T]imeliness almost always presents a factual question, requiring an assessment of all relevant circumstances surrounding a particular disclaimer," including "the time necessary for an insurer to conduct a prompt investigation into those grounds supporting a potential disclaimer" (Continental Cas. Co., 11 NY3d at 449). But in some cases, "the justification for disclaimer is 'readily ascertainable from the face of the complaint in the underlying action,' " or " 'all relevant facts supporting . . . a disclaimer [are] immediately apparent . . . upon . . . receipt of notice of the accident' " (Country-Wide Ins. Co., 22 NY3d at 576).
Here, the tort plaintiff notified plaintiff in July 2020 that he was sexually abused by decedent in 1989 and requested information regarding plaintiff's insurance policy. GuideOne was notified of this request on August 3, 2020. GuideOne obtained the relevant policies on September 29, 2020, and notified plaintiff that it was in possession of those policies. Plaintiff asserts, and we agree, that September 29, 2020, represents the starting date from which GuideOne's time to disclaim should be measured.
We reject GuideOne's contention that its October 7, 2020 email to plaintiff satisfied its duty to issue a timely disclaimer. A notice of disclaimer "must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; see Titan Indus. Servs. Corp. v Navigators Ins. Co., 223 AD3d 426, 427-428 [1st Dept 2024]; Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co., 64 AD3d 1234, 1235 [4th Dept 2009], lv dismissed 13 NY3d 893 [2009]). The October 7 email stated that "it does not appear there was any misconduct coverage added to the policies" and that the policies "includ[ed] a specific exclusion for any misconduct or any type of allegation relating to misconduct." Even assuming, arguendo, that the email constituted a disclaimer of coverage (cf. Titan Indus. Servs. Corp., 223 AD3d at 427-428), we conclude that it lacks the required specificity and was thus insufficient to satisfy GuideOne's obligation under Insurance Law § 3420 (d) (2) (see Titan Indus. Servs. Corp., 223 AD3d at 427-428; see generally General Acc. Ins. Group, 46 NY2d at 864).
We agree with GuideOne that its November 24, 2020 email to plaintiff was a sufficiently specific disclaimer, contrary to the court's determination. The court properly determined, however, that the 56-day delay rendered the disclaimer untimely as a matter of law. GuideOne contends that the delay was reasonable inasmuch as the letter that GuideOne received on August 3, 2020, describing the claim was generic and the tort plaintiff did not file his complaint until October 14, 2020. The letter GuideOne received on August 3 described the 1989 claim as "allegations of child sexual abuse that [the tort plaintiff] sustained at the hands of [decedent], whom [the tort plaintiff] came into contact with while [decedent] was a youth group leader for [plaintiff]." The October 14 complaint alleged that decedent was a youth group leader for plaintiff and that, in approximately 1989, the tort plaintiff was the victim of "sexual harassment, sexual abuse, and violence by or at the direction of" decedent. Thus, the nature of the claim was clear from the letter GuideOne received on August 3, and when GuideOne obtained the policies on September 29, it had at that time " 'all relevant facts supporting . . . a disclaimer' " (Country-Wide Ins. Co., 22 NY3d at 576). GuideOne further contends that the delay was reasonable inasmuch as plaintiff believed that the dates listed in the underlying complaint might be wrong and requested additional investigation from GuideOne into other policies. We reject that contention and conclude that plaintiff's request for an additional investigation did not justify the lengthy delay by GuideOne or raise a triable issue on timeliness (see generally id.).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court