OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
 Plaintiff alleges that a hospital employee sexually abused her while she was an inpatient at Sisters of Charity Hospital. In this action to recover compensatory and punitive damages, plaintiff seeks to hold the Hospital vicariously liable for the orderly’s actions, and directly liable for its negligent hiring, retention and supervision of the employee. After the parties completed discovery, the Hospital moved for summary judgment. Supreme Court granted the motion, and the Appellate Division, over a two-Justice dissent, affirmed for the reasons stated by Supreme Court (249 AD2d 890). We agree with the courts below that plaintiff has failed to raise a triable issue of fact with respect to any of her claims against the Hospital.
The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment (Riviello v Waldron, 47 NY2d 297, 304). If, however, an employee “for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable” (Jones v Weigand, 134 App Div 644, 645, quoted in Baker v Allen & Arnink Auto Renting Co., 231 NY 8, 13). Assuming plaintiff’s allegations of sexual abuse are true, it is clear that the employee here departed from his duties for solely personal motives unrelated to the furtherance of the Hospital’s business (see, Mataxas v North Shore Univ. Hosp., 211 AD2d 762, 763). Accordingly, the courts below properly dismissed plaintiff’s respondeat superior cause of action.
As for plaintiff’s negligence claim, the Hospital has met its burden of establishing that it acted with reasonable care in *934 hiring, retaining and supervising the employee, and plaintiff has failed to tender any admissible evidence to the contrary. Instead, plaintiff has presented mere speculation and unsubstantiated allegations, which are insufficient to raise a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557, 562). Finally, plaintiff has presented no evidence that the Hospital’s management authorized, participated in, consented to or ratified the employee’s alleged tortious conduct. Thus, the courts below properly dismissed plaintiffs claim for punitive damages (Loughry v Lincoln First Bank, 67 NY2d 369, 378).
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, with costs, in a memorandum.