John BELLO, Norman Snyder, Plaintiffs–Appellants,

v.

UNITED STATES of America, Arnold Lizana,* Defendants–Appellees.

No. 03–6162.

United States Court of Appeals, Second Circuit.

March 26, 2004.

---

* Hon. David G. Trager, U.S. District Judge for the Eastern District of New York, Sitting by

designation.

William L. Charron, Pryor, Cashman, Sherman & Flynn, LLP (Sanford M. Goldman, Tom J. Ferber, on the brief), New York, New York, for Appellants.

Lara K. Eshkenazi, Assistant United States Attorney, Southern District of New York (James B. Comey, United States Attorney; Sara L. Shudofsky, Assistant United States Attorney, on the brief), New York, New York, for Appellees.

Present: McLAUGHLIN, RAGGI, Circuit Judges, and TRAGER, District Judge.

SUMMARY ORDER

Plaintiff–Appellants John Bello and Norman Snyder appeal from a judgment of dismissal entered pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiffs initially filed their complaint in New York State Supreme Court, suing EEOC trial attorney Arnold Lizana for slander. We assume familiarity with the facts alleged. When the United States Attorney certified that Lizana's challenged actions were within the scope of his employment, see 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4, plaintiffs' suit was removed to federal court, see 28 U.S.C. § 2679(d). There, the district court substituted the United States for Lizana as the party defendant, see id. § 2679(d)(2), and on sovereign immunity grounds dismissed plaintiff's complaint for lack of subject matter jurisdiction, see Fed.R.Civ.P. 12(b)(1). Plaintiffs do not quarrel with the district court's dismissal analysis; rather, they appeal the substitution ruling that served as the necessary predicate for dismissal. Specifically, they submit that the district court erred in holding that Lizana's challenged conduct fell within the scope of his federal employment.

A district court will conduct de novo review of a § 2679(d) certification if plaintiffs "allege with particularity facts relevant to the scope-of-employment issue." McHugh v. University of Vermont, 966 F.2d 67, 72, 74 (2d Cir.1992); see also Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 436–37, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). In conducting such review, the district court applies state law principles pertaining to when intentional torts conduct falls within the scope of a party's employment. See McHugh, 966 F.2d at 75; Cronin v. Hertz Corp., 818 F.2d 1064, 1065 (2d Cir.1987). The court must view the tortious conduct in the light most favorable to plaintiff, but it makes its

own findings of fact with respect to the scope of the tortfeasor's employment and, in so doing, the court may rely on evidence outside the pleadings. *See McHugh,* 966 F.2d at 74–75. We review the district court's factual findings for clear error and its legal conclusions *de novo. See generally Luckett v. Bure,* 290 F.3d 493, 496–97 (2d Cir.2002) (stating standard of review where complaint dismissed for lack of subject matter jurisdiction).

New York law holds that an employee's tortious acts fall within the scope of his employment if "done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Riviello v. Waldron,* 47 N.Y.2d 297, 302, 418 N.Y.S.2d 300, 302, 391 N.E.2d 1278 (1979) (internal quotation marks omitted). Five factors are relevant to such a determination: (1) whether the time, place and occasion for the act was connected to the employment; (2) the history of the employer-employee relationship in actual practice; (3) whether the act is one commonly done by such an employee; (4) the extent to which the act departs from normal methods of performance; and (5) whether the act was one that the employer could reasonably have anticipated. *Id.* at 303, 418 N.Y.S.2d at 303, 391 N.E.2d 1278; *accord Judith M. v. Sisters of Charity Hosp.,* 93 N.Y.2d 932, 933, 693 N.Y.S.2d 67, 68, 715 N.E.2d 95 (1999). In this case, the factors weigh in favor of finding Lizana's challenged conduct within the scope of his federal employment.

The evidence before the district court demonstrated that Lizana's allegedly slanderous statements were made in the course of a press interview prompted by and pertaining to a complaint and proposed consent decree filed earlier that day by the EEOC charging plaintiffs' corporate employer with wide-spread sexual harassment. The EEOC, pursuant to routine practice, issued a press release in connection with the court filing and assigned responsibility for responding to further inquiries to the case trial attorney, Lizana. Thus, there is no question that the EEOC would reasonably anticipate that Lizana would speak to the press about facts pertaining to the case.

Plaintiffs argue that the EEOC would have anticipated only that Lizana would make statements consistent with the consent decree, which, as they repeatedly emphasize, does not involve any admission of liability by the corporate defendants. But this argument conflates the corporate defendants' interests with those of the EEOC. The EEOC's interest was in highlighting that its enforcement efforts with respect to the complaint charges had resulted in defendants' payment of $1.7 million to the harassment victims; the corporate defendants' interest was in emphasizing that this payment did not constitute an admission of liability. In light of the EEOC's interest, the Commission would reasonably have anticipated that its employee-spokesman, in responding to questions about the complaint charges, might expand on the pleaded facts, identifying persons purportedly involved in the alleged harassment. Under New York law, an employee's actions need only be generally, not specifically, foreseeable to the employer, to fall within the scope of employment. *See Riviello v. Waldron,* 47 N.Y.2d at 304, 418 N.Y.S.2d at 303–04, 391 N.E.2d 1278. Thus, even if Lizana committed slander when he named names, the statements were not so far removed from the normal performance of the assigned press task to take it outside the scope of his employment.

Plaintiffs nevertheless insist that Lizana's statements were not within the scope of his employment because they were made with personal animus. As evidence

of such animus, they point to Lizana's press statement approving the corporate defendants' decision to terminate their professional relationship with plaintiff Bello, as well as his statement to corporate counsel expressing "no sympathy" for Bello. New York law holds that a defendant does not act within the scope of his employment when he engages in tortious conduct for personal reasons separate and distinct from the interests of his employer, particularly when the conduct involves acts not commonly done by those in his position, *see Ierardi v. Sisco,* 119 F.3d 183, 188 (2d Cir.1997) (holding correction officer not acting within scope of employment when he engages in sexual harassment); *see also N.X. v. Cabrini Medical Center,* 97 N.Y.2d 247, 252, 739 N.Y.S.2d 348, 351, 765 N.E.2d 844 (2002) (holding surgeon not acting within scope of employment when he performed contraindicated examination for self-gratification). But that is not this case. In the course of investigating the charges pleaded in the harassment complaint, Lizana may well have formed a negative opinion of Bello, but the fact that such an opinion informed his subsequent performance of an assigned task—responding to press inquiries about the complaint and related consent decree—does not transform that professional task into a personal one. *Cf. United States v. Yousef,* 327 F.3d 56, 170 (2d Cir.2003) (observing that a judge is ordinarily not required to recuse himself simply because he has formed a negative opinion of a defendant based on information obtained in presiding over case). Thus, there was no reason to grant plaintiffs further discovery on the issue of Lizana's purported animus.

Neither was discovery warranted with respect to any discipline of Lizana by the EEOC for past misconduct. The point is irrelevant; even if Lizana had been disciplined, the EEOC nevertheless authorized him to act as its press spokesperson assuming the foreseeable risk that he would respond to inquiries with factual particulars about the case.

In sum, we agree with the district court that Lizana's conduct was within the scope of his employment and that substitution of the United States for Lizana therefore was proper. Accordingly, the district court's judgment of dismissal is hereby AFFIRMED.