In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated June 6, 2012, as granted that branch of the motion of the defendants City of New York and New York City Fire Department which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants City of New York and New York City Fire Department which was for summary judgment dismissing the causes of action alleging negligent hiring, supervision, training, and retention insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
The plaintiffs Samir Selmani, Sinan Selmani, Luán Leka, Bekim Leka, Mentor Leka, Agron Selani, and Kujtim Selimi (hereinafter collectively the injured plaintiffs), were patrons at the Salty Dog Restaurant in Brooklyn when several members of the New York City Fire Department, including the defendants Michael Reilly and Ryan Warnock, entered the restaurant with coworkers, including supervisors. They allegedly came from a New York City Fire Department annual dinner held at another location and continued celebrating and drinking at the restaurant. After one of the injured plaintiffs accidentally spilled a drink on a firefighter, Reilly and Warnock allegedly attacked and assaulted the injured plaintiffs. In December 2010, the injured plaintiffs, and four spouses suing derivatively, commenced this action against, among others, the City of New York and the New York City Fire Department (hereinafter together the City defendants). Prior to pretrial discovery, the city defendants moved, inter alla, for summary judgment dismissing the complaint insofar as asserted them. The Supreme Court granted the motion.
“The doctrine of respondeat superior renders an employer *944 vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment” (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]). “An employee’s actions fall within the scope of employment where the purpose in performing such actions is ‘to further the employer’s interest, or to carry out duties incumbent upon the employee in furthering the employer’s business’ ” (Beauchamp v City of New York, 3 AD3d 465, 466 [2004], quoting Stavitz v City of New York, 98 AD2d 529, 531 [1984]). “An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment” (Pinto v Tenenbaum, 105 AD3d 930, 931 [2013]). Where, however, an employee’s actions are taken for wholly personal reasons, which are not job related, the actions cannot be said to fall within the scope of employment (see Danner-Cantalino v City of New York, 85 AD3d 709, 710 [2011]; Fernandez v Rustic Inn, Inc., 60 AD3d 893, 896 [2009]). In instances where vicarious liability for an employee’s torts cannot be imposed upon an employer, a direct cause of action against the employer for its own conduct, be it negligent hiring, supervision, or other negligence, may still be maintained (see Doe v Guthrie Clinic, Ltd., 22 NY3d 480 [2014]; Jackson v New York Univ. Downtown Hosp., 69 AD3d 801 [2010]).
Here, the Supreme Court properly granted that branch of the city defendants’ motion which was for summary judgment dismissing the causes of action alleging vicarious liability. The city defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the tortious conduct of Reilly and Warnock was not within the scope of their employment (see Evans v City of Mount Vernon, 92 AD3d 829, 830 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). However, as to the causes of action alleging negligent hiring, supervision, training, and retention, the city defendants did not establish their entitlement to judgment as a matter of law. They failed to submit any evidence demonstrating that they did not know or have reason to know of Reilly’s or Warnock’s alleged propensity for assaultive conduct (see Beauchamp v City of New York, 3 AD3d at 467). Furthermore, the city defendants failed to submit evidence demonstrating that any such alleged negligence was not a proximate cause of *945 the injured plaintiffs’ injuries (see Padilla v Verczky-Porter, 66 AD3d 1481, 1483 [2009]; cf. Hoffman v City of New York, 301 AD2d 573, 574 [2003]).
Accordingly, the Supreme Court should have denied that branch of the city defendants’ motion which was for summary judgment dismissing the causes of action alleging negligent hiring, supervision, training, and retention insofar as asserted against them.
The parties’ remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.E, Dickerson, Austin and Sgroi, JJ., concur.