910

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated November 14, 2014, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging negligent training, supervision, and retention, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when she was attacked by a coworker at their place of employment. The complaint asserted causes of action against the defendants alleging that they were negligent in training, supervising, and retaining the coworker. The complaint also alleged that the defendants were vicariously liable for the coworker's actions under a theory of respondeat superior.

The defendants moved for, among other things, summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendants' motion. We modify.

"The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *see Selmani v City of New York*, 116 AD3d 943, 943-944 [2014]). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (*Beauchamp v City of New York*, 3 AD3d 465, 466 [2004] [internal quotation marks omitted]; *see Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]). "Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (*Beauchamp v City of New York*, 3 AD3d at 466; *see Pinto v Tenenbaum*, 105 AD3d at 931). "In instances where vicarious liability for an employee's torts cannot be imposed upon an employer, a direct cause of ac-

tion against the employer for its own conduct, be it negligent hiring, supervision, or other negligence, may still be maintained" (*Selmani v City of New York*, 116 AD3d at 944; *see Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801, 801 [2010]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging vicarious liability by demonstrating that the allegedly tortious conduct of the coworker was not within the scope of her employment (*see Selmani v City of New York*, 116 AD3d at 944; *Pinto v Tenenbaum*, 105 AD3d at 931-932). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the coworker was acting within the scope of her employment when she attacked the plaintiff (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging vicarious liability.

However, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligent training, supervision, and retention (*see Nevaeh T. v City of New York*, 132 AD3d 840, 842 [2015]; *Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d 826, 828-829 [2015]). The evidence submitted by the defendants in support of their motion reflected the existence of a triable issue of fact as to whether they had notice of the coworker's violent propensities. There are triable issues of fact as to whether an alleged prior altercation between the plaintiff and the coworker during which the coworker threatened to kill the plaintiff with a knife, and the report of the prior incident to the plaintiff's supervisor, both orally and in writing, constituted notice to the defendants of the coworker's violent propensities (*cf. Keith S. v East Islip Union Free School Dist.*, 96 AD3d 927, 928 [2012]; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805-806 [2012]; *Velez v Freeport Union Free School Dist.*, 292 AD2d 595, 596 [2002]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligent training, supervision, and retention, the Supreme Court should have denied that branch of their motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.

