In an action to recover damages for negligence, negligent hiring and negligent retention, intentional infliction of emotional distress, prima facie tort, and slander, the defendant Department of Education of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 7, 2016, as denied those branches of the motion of the defendants City of New York and Department of Education of the City of New York which were for summary judgment dismissing the complaint insofar as asserted against it.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants’ motion which were for summary judgment dismissing the causes of action to recover damages for intentional infliction of emotional distress, prima facie tort, and slander insofar as asserted against the defendant Department of Education of the City of New York, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The plaintiff commenced this action to recover damages for injuries her daughter allegedly sustained when a janitor at the middle school she attended called her, among other things, “retarded” and a “bitch” in the presence of other students. The complaint contained causes of action to recover damages for negligence, negligent hiring and negligent retention, intentional infliction of emotional distress, prima facie tort, and slander. The defendants City of New York and Department of Education of the City of New York (hereinafter the DOE; hereinafter together the defendants) moved for summary judgment dismissing the complaint. Insofar as relevant to this appeal, the Supreme Court denied the motion with respect to the DOE. The DOE appeals.
 

 “The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment” (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]; see Ciccone v City of New York, 138 AD3d 910, 910 [2016]; Selmani v City of New York, 116 AD3d 943, 943-944 [2014]; Begley v City of New York, 111 AD3d 5, 28 [2013]). However, “ ‘[t]he general rule is that an employer who hires an independent contractor is not liable for the independent contractor’s negligent acts’ ” (Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1014 [2017], quoting Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]; see Chichester v Wallace, 150 AD3d 1073, 1074 [2017]; Begley v City of New York, 111 AD3d at 28; Sandra M. v St. Luke’s Roosevelt Hosp. Ctr., 33 AD3d 875, 877 [2006]).
 

 Here, with respect to the causes of action to recover damages for negligence and negligent hiring and negligent retention, the defendants contended that the janitor who allegedly insulted the plaintiff’s daughter was not an employee of the DOE, but rather, an employee of a nonparty independent contractor identified only as “Temco.” However, despite some evidence that Temco had been providing services to the subject middle school for more than 11 years, the defendants failed to submit any signed contract with Temco or tender other eviden-tiary proof in admissible form establishing that such a contract exists. Moreover, the defendants failed to submit any eviden-tiary proof in admissible form establishing that the janitor in question was an employee of Temco at the time of the incident. Since the defendants failed to establish, prima facie, that the janitor in question was the employee of an independent contractor retained to provide janitorial services to the subject middle school, the Supreme Court properly denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for negligence and negligent hiring and negligent retention insofar as asserted against the DOE, regardless of the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 However, the Supreme Court erred in failing to grant those branches of the defendants’ motion which were for summary judgment dismissing the causes of action to recover damages for intentional infliction of emotional distress, prima facie tort, and slander insofar as asserted against the DOE. As to the cause of action to recover damages for intentional infliction of emotional distress, the defendants established, prima facie, as a matter of law, that the isolated incident of name calling by the janitor, while unquestionably objectionable, did not rise to the level of extreme and outrageous conduct required to sustain such a cause of action (see Kamen v Berkeley Coop. Towers Section II Corp., 98 AD3d 1086, 1087 [2012]; Epifani v Johnson, 65 AD3d 224, 231 [2009]; Poliah v Westchester County Country Club, Inc., 14 AD3d 601 [2005]). As to the cause of action to recover damages for slander, the defendants established, prima facie, as a matter of law, that the janitor’s statements were nonactionable expressions of opinion, and not facts, about the plaintiff’s daughter (see Mann v Abel, 10 NY3d 271, 276-277 [2008]; Pall v Roosevelt Union Free Sch. Dist., 144 AD3d 1004, 1005 [2016]). Finally, as to the cause of action to recover damages for prima facie tort, the defendants established, prima facie, that the plaintiff did not incur special damages, a necessary element of the prima facie tort cause of action (see Tarek Youssef Hassan Saleh v 5th Ave. Kings Fruit & Vegetables Corp., 92 AD3d 749, 751 [2012]; Carrea v Imagimed, LLC, 74 AD3d 860, 861 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court should have granted the aforesaid branches of the defendants’ motion.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.