Montalvo v Episcopal Health Servs., Inc. (2019 NY Slip Op 04158)





Montalvo v Episcopal Health Servs., Inc.


2019 NY Slip Op 04158


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07789
 (Index No. 28835/08)

[*1]Melvin Montalvo, respondent, 
v
Episcopal Health Services, Inc., et al., appellants, et al., defendant.


Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for appellants.
Valli, Kane & Vagnini LLP, Garden City, NY (Matthew Berman and Robert J. Vali, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for assault and battery, the defendants Episcopal Health Services, Inc., and St. John's Episcopal Hospital South Shore appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered April 25, 2017. The order denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and that branch of the motion of the defendants Episcopal Health Services, Inc., and St. John's Episcopal Hospital South Shore which was for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff commenced this action in 2008 against the defendants Episcopal Health Services, Inc., and St. John's Episcopal Hospital South Shore (hereinafter St. John's; hereinafter together the defendants), and another, to recover damages for an alleged sexual assault committed against him while he was hospitalized at St. John's in December 2007. The complaint set forth causes of action alleging assault and battery. The defendants moved, inter alia, pursuant to CPLR 3212(b) for summary judgment dismissing the complaint insofar as asserted against them.
In an order entered April 25, 2017, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The court concluded that the motion was procedurally improper, since it violated the rule against successive motions for summary judgment, and since the defendants failed to submit a copy of all of the pleadings with their motion.
The Supreme Court should not have determined, sua sponte, that the defendants' motion violated the rule against successive motions for summary judgment. While the defendants had previously moved for summary judgment following the filing of a note of issue, and their motion was denied on the ground that it had not been made within the time allowed by CPLR 3212(a), the note of issue was subsequently vacated. The vacatur of the note of issue returned the case to its pre-note of issue status (see Montalvo v Mumpus Restorations, Inc., 110 AD3d 1045, 1046) and the [*2]defendants could again seek summary judgment (see Farrington v Heidkamp, 26 AD3d 459, 460).
Furthermore, although the Supreme Court indicated that it would have, in any event, denied that branch of the defendants' motion for failure to submit a copy of all of the pleadings with their motion papers, we nonetheless exercise our discretion to reach the merits. While CPLR 3212(b) requires that motions for summary judgment be supported by a copy of the pleadings, CPLR 2001 "permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 691 [internal quotation marks omitted]; see Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello, 97 AD3d 611, 612). Although the defendants failed to include a copy of their answer with their motion for summary judgment, they attached a copy of their answer to the reply affirmation of counsel. Thus, the record is sufficiently complete, and there is no evidence that a substantial right of the plaintiff was prejudiced by the defendants' failure to submit a copy of their answer with their motion papers (see Lombardi v Lombardi, 127 AD3d 1038, 1040; Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello, 97 AD3d at 612; Pandian v New York Health & Hosps. Corp, 54 AD3d 590, 591).
Turning to the merits, in his complaint, the plaintiff alleged that the defendants were vicariously liable for an assault and battery committed by a doctor employed by St. John's. Pursuant to CPLR 3212(b), a court will grant a motion for summary judgment when, viewing the evidence in the light most favorable to the opponent of the motion, it determines that the movant's papers justify holding, as a matter of law, that the cause of action has no merit. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business'" (Beauchamp v City of New York, 3 AD3d 465, 466, quoting Stavitz v City of New York, 98 AD2d 529, 531). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment" (Pinto v Tenenbaum, 105 AD3d 930, 931; see Ciccone v City of New York, 138 AD3d 910, 910). Thus, where an employee's actions are taken for wholly personal reasons, which are not job related, the challenged conduct cannot be said to fall within the scope of employment (see Ciccone v City of New York, 138 AD3d at 910; Danner-Cantalino v City of New York, 85 AD3d 709, 710; Fernandez v Rustic Inn, Inc., 60 AD3d 893, 896).
A sexual assault perpetrated by an employee is not in furtherance of an employer's business and is a clear departure from the scope of employment, having been committed for wholly personal motives (see N.X. v Cabrini Med. Ctr., 97 NY2d at 251; Judith M. v Sisters of Charity Hosp., 93 NY2d at 933; Mayo v New York City Tr. Auth., 124 AD3d 606, 607; "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d 703, 705-706). Here, the evidence submitted by the defendants demonstrated that the doctor's alleged conduct was not in furtherance of St. John's business and was a departure from the scope of his employment, having been committed for wholly personal motives (see N.X. v Cabrini Med. Ctr., 97 NY2d at 251; Judith M. v Sisters of Charity Hosp., 93 NY2d at 933). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court