Thompson v Coast to Coast Auto Glass, LLC (2021 NY Slip Op 01437)





Thompson v Coast to Coast Auto Glass, LLC


2021 NY Slip Op 01437


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-07350
 (Index No. 38546/11)

[*1]Thomas Thompson, Jr., appellant,
v
Coast to Coast Auto Glass, LLC, respondent, et al., defendant.


Law Offices of Ira M. Perlman, P.C. and Robert D. Rosen, P.C., Great Neck, NY, for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), entered May 8, 2017. The order granted the motion of the defendant Coast to Coast Auto Glass, LLC, for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion to strike the answer of the defendant Coast to Coast Auto Glass, LLC, as a sanction for spoliation of evidence.
ORDERED that the order is affirmed, without costs or disbursements.
We see no basis to disturb the Supreme Court's determination granting the motion of the defendant Coast to Coast Auto Glass, LLC (hereinafter the defendant), for summary judgment dismissing the complaint insofar as asserted against it. The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; Ciccone v City of New York, 138 AD3d 910, 910). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
We also see no reason to disturb the Supreme Court's determination denying the plaintiff's cross motion to strike the defendant's answer as a spoliation sanction (see Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675-676; Tapia v Royal Tours Serv., Inc., 67 AD3d 894, 896).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court