**Lindor v Mr. Stax Inc.**

2024 NY Slip Op 34245(U)

November 26, 2024

Supreme Court, Kings County

Docket Number: Index No. 522491/2020

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of the State of New York held in and for the County of Kings at 360 Adams Street, Brooklyn, New York, on the 26th day of November 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

-------------------------------------------------------------------X

GINA LINDOR,

                                        Plaintiff(s)

                    -against-

MR. STAX INC d/b/a IHOP RESTAURANTS, LLC,
FEDERAL EXPRESS CORPORATION,
GEORGETOWNE CENTER BROOKLYN, LLC and
FORTY-SIX NINETEEN COMPANY, INC.,

                                        Defendant(s)

-------------------------------------------------------------------X

Index No: 522491/2020
Motion Seq. 2-3

DECISION & ORDER

| The following e-filed papers read herein: | NYSCEF Nos.: |
|---|---|
| Notice of Motion/Affidavits Annexed Exhibits Annexed/Reply……….. | 56-67 |
| Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed………… | 70-74 |
| Notice of Motion/Affidavits Annexed Exhibits Annexed/Reply……….. | 75-82 |
| Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed………… | 85 |

In this action, Federal Express Corporation ("FedEx") moves (Motion Seq. 2) to dismiss Gina Lindor's ("Plaintiff") Amended Complaint for failure to state of cause of action against FedEx pursuant to CPLR 3211(a)(7). Plaintiff has opposed the motion. Additionally, Plaintiff cross-moves (Motion Seq. 3) to compel FedEx to appear for an EBT pursuant to CPLR 3216. FedEx has opposed the motion.

Plaintiff commenced this action on November 20, 2020, to recover damages for personal injuries sustained during an alleged incident that occurred on or about April 18, 2019, at the premises owned and maintained by Mr. Stax Inc. D/B/A IHOP Restaurants, LLC ("IHOP"), Georgetowne Center Brooklyn, LLC ("Georgetowne") and Forty-Six Nineteen Company, Inc. ("Forty-Six") (Collectively the "Subject Premises"). In her Amended Complaint, Plaintiff alleges that on the date of the incident, while attempting to exit the restaurant, Plaintiff was holding the door open when an employee of FedEx negligently attempted to walk by her in a fast and unsafe manner and struck her with his body. Plaintiff also alleges that as a result of the employee striking her, she let go of the door which then swung back at an unsafe speed and struck her causing her to fall to the ground. A series of Compliance Conference order were entered setting dates for EBTs, with a final order directing EBTs to be completed in July and Aust of 2023. Plaintiff's EBT was held on July 7, 2023, and IHOP's EBT was held on August 11, 2023. To date FedEx's EBT remains outstanding.

[* 1]

In support of its motion, FedEx argues that Plaintiff's Amended Complaint should be dismissed against it for failure to state a valid cause of action for negligence. FedEx asserts that on the date of the alleged incident, that it did not owe a duty of care to Plaintiff nor does Plaintiff's Amended Complaint allege that it owned, maintained, managed, controlled, or operated the door at the Subject Premises. FedEx contends that while there may be questions of fact as to how the accident incident occurred, such questions are irrelevant since Plaintiff has failed to establish that FedEx owed a duty of care to her. FedEx also states that there is no statutory, regulatory, or contractual relationship between Plaintiff and FedEx or its employees, therefore there is no privity or relationship akin to privity between the parties for the court to impose a duty of care onto FedEx. Plaintiff asserts that Plaintiff was not a passenger of George Anderson ("Anderson"), the FedEx employee, nor was she the party intended to receive the package he was delivering on the date of the incident. Therefore, FedEx claims that Plaintiff did not have a reasonable expectation that its employee, or anyone else for that matter, would have held open the door for her at the Subject Premises. FedEx contends that Anderson's conduct was reasonable and that he exercised reasonable attention and case based on the circumstances.

Additionally, FedEx argues that Plaintiff's Amended Complaint should be dismissed against it for failure to state a valid cause of action for negligent hiring, supervision, training, and/or retention. FedEx asserts that Plaintiff has failed to allege that FedEx knew or should have known of Anderson's propensity to "improperly exit and enter a premise while delivering packages," and that it is required that Plaintiff explicitly allege that an employer knew of its employees' harmful propensities and that it failed to take necessary actions which caused damage to others, as required. Furthermore, FedEx states that causes of action for negligent hiring, supervision, training and/or retention and respondeat superior cannot be asserted simultaneously, and that when an employee is acting within the scope of his or her employment, that the employer is liable for the tortious acts under the theory of respondeat superior, therefore Plaintiff cannot proceed with a claim to recover damages for negligent hiring, supervision, training, and/or retention.

In support FedEx submits an affidavit from Anderson. In his affidavit, Anderson states that on the date of the incident, he was delivering a package to the Subject Premises, that he had delivered packages to multiple times in the past. Anderson claims that he entered the Subject Premises through the left side exterior door, which he pulled outwards, towards the parking lot and then proceeded to enter the restaurant. Anderson states that he was walking at a safe speed and that he was not looking down at his phone or any other electronic device or package scanner. Anderson claims that Plaintiff did not enter the doorway until after he passed through it and that at no point did he attempt to push past her. Furthermore, Anderson asserts that on the date of the alleged incident he did not make any physical contact with the Plaintiff, nor did he hold the door open for her or let it shut on her. Anderson contends that he would not have attempted to hold

the door open for Plaintiff, nor would it have been possible because his hands were visibly occupied carrying the package.

In opposition, Plaintiff argues that FedEx's motion should be denied because the Amended Complaint states viable causes of actions against FedEx. Plaintiff asserts that her Amended Complaint clearly sets forth the occurrences and that FedEx was negligent for the actions of its employee when its employee was acting within the scope of his employment. Plaintiff states that FedEx did owe a duty to her because she was struck by the door due in part to the negligent actions of FedEx's employee and that once an employee causes harm incidental to his performance of his duties, there is a breach of duty that FedEx should be found liable for. Additionally, Plaintiff argues that she had plead a viable cause of action for respondeat superior because Anderson was acting within the scope of his employment when he was delivering packages as part of his duties.

In support of her opposition Plaintiff submits her EBT testimony. In her EBT, Plaintiff testifies that on the date of the incident, as she reached the ramp attached to the Subject Premises, she opened the door with her left hand.[1] Plaintiff testified that a male came up from behind her while she was still holding the door and that he went under her arm to go inside of the Subject Premises.[2] As a result, Plaintiff testified that she let go of the door which then slammed on her feet.[3]

In support of her motion to compel FedEx to appear for an EBT, Plaintiff argues that its EBT is necessary in light of the denials det forth by FedEx in its Answer and that given its failure to comply with the Compliance Conference orders. Plaintiff now requests an order compelling FedEx to appear. Plaintiff specifically request that FedEx produce Anderson as he is the identified employee involved in the alleged incident.

In opposition, FedEx argues that Plaintiff's cross-motion should be denied as procedurally defective pursuant to Federal Rules of Civil Procedure 37(a)(1) because the motion fails to include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. FedEx states that Plaintiff has only submitted a defective Affirmation in Good Faith in support of her motion and that Plaintiff lists the "numerous court orders directing the examination before trial be completed" as her good faith efforts, however the Affirmation in Good Faith fails to indicate the time, place, and nature of the consultation and the issues discussed and any resolutions as required. FedEx contends that Plaintiff has not made the requisite good faith efforts to scheduled FedEx's EBT, and her failure to do so is fatal to the underlying motion.

---

[1] (Plaintiff EBT; 26 lines 2-4).
[2] (Plaintiff EBT; 26 lines 5-9)
[3] (Plaintiff EBT; 26 lines 9-11).

[*,3]

When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (*Leon* at 88; *Skefalidis v China Pagoda NY, Inc.,* 210 A.D. 3d 925 [2d Dept. 2022]); *Oluwo v Sutton,* 206 A.D.3d 750 [2d Dept. 2022]; *Sokol v Leader,* 74 A.D.3d 1180 [2d Dept. 2010]). Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss (*Eskridge v Diocese of Brooklyn,* 210 A.D.3d 1056 [2d Dept. 2022]; *Zurich American Insurance Company v City of New York,* 176 A.D.3d 1145 [2d Dept. 2019]; *EBC I Inc. v Goldman, Sachs & Co.,* 5 NY3d [2005]).

On a motion made pursuant to CPLR 3211(a)(7) to dismiss a complaint, the burden never shifts to the non-moving party to rebut a defense asserted by the moving party (*Sokol* at 1181; *Rovello v Orofino Realty Co. Inc.,* 40 NY2d 970 [1976]). CPLR 3211 allows a plaintiff to submit affidavits, but it does not oblige him or her to do so on penalty of dismissal (*Id.; Sokol* at 1181). Affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint and such affidavits are not to be examined for the purpose of determining whether there is evidentiary support for the pleading (*Id.; Rovello* at 635; *Nonon* at 827). Thus, a plaintiff will not be penalized because he has not made an evidentiary showing in support of its complaint.

Unlike on a motion for summary judgment, where the court searches the record and assesses the sufficiency of evidence, on a motion to dismiss, the court merely examines the adequacy of the pleadings (*Davis v. Boeheim*, 24 NY3d 262, 268 [2014]). The appropriate test of the sufficiency of a pleading is whether such pleading gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments (*V. Groppa Pools, Inc. v. Massello*, 106 AD3d 722, 723 [2d Dept 2013]; *Moore v Johnson*, 147 AD2d 621 [2d Dept 1989]). However, "[w]here a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (*Langley v Melville Fire Dist.*, 213 AD3d 748, 750 [2d Dept 2023]; see *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]; *McCarthy v County of Nassau*, 230 AD3d 485 [2d Dept. 2024]; ]; *Recine v Recine*, 201 AD3d 827 [2d Dept. 2022]; *Borrerro v Haks Group Inc.*, 165 AD3d 1216 [2d Dept. 2018]). "Affidavits submitted by a defendant "will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no ... cause of action" (*Langley* at 750; *Lawrence v Miller*, 11 NY3d 588 [2008]).

To plead a cause of action for negligence, a plaintiff must allege (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom (*Solomon by Solomon*

4

[* 4]

*v City of New York*, 66 N.Y2d 1026 [1985]). Conduct is considered negligent when it tends to subject another to an unreasonable risk of harm arising from one or more particular foreseeable hazards (*Borrerro* at 1217). Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party (*Espinal v Melville Snow Contractors, Inc.*, 98 NY2d 136 [2002]; *Morrison v New York Archdiocese*, 227 AD3d 703, 704 [2d Dept 2024]; see also *Moore Charitable Foundation v PJT Partners, Inc.*, 40 NY3d 150 [2023]; *Darby v Compagnie National Air France*, 96 NY2d 343 [2001]).

While courts resolve legal duty questions by resorting to common concepts of morality, logic and consideration of the social consequences of imposing the duty (*Tenuto v Lederle Labs., Div. of Am. Cyanamid Co.*, 90 NY2d 606 [1997]; *Santoro v Poughkeepsie Crossings, LLC*, 180 AD3d 12 [2d Dept. 2019]; *Marshall v Rosenberg*, 196 AD3d 817 [3d Dept. 2021]), in determining whether a duty exists, despite often sympathetic facts in a particular case before them, courts must be mindful of the precedential, and consequential, future effects of their rulings, and limit the legal consequences of wrongs to a controllable degree (*Lauer v City of New York*, 95 NY2d 95 [2000]; *Landon v Kroll Laboratory Specialists, Inc.*, 91 AD3d 79 [2d Dept. 2011]; *Beadell v Eros Management Realty, LLC*, 229 AD3d 43 [1st Dept. 2024]). The general duty of care in a negligence action requires an individual "to use that degree of care that a reasonably prudent person would have used under the same circumstances (*Gutkina v Max Media & Art, LLC*, 227 ad3D 961 [2D Dept. 2024]; *Borrerro* at 1217). Additionally, such a duty may arise only where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others (*Morrison* at 704; *Matter of In re New York City Asbestos Litig.*, 5 NY3d 486, 493 [2005]; quoting *Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001]). However, the courts have repeatedly emphasized that the foreseeability of harm alone does not define duty, rather it merely determines the scope of the duty once it is determined to exist (see *Smith v Dutchess Motor Lodge*, 213 AD3d 881 [2d Dept. 2023]; citing *Pulka v Edelman*, 40 NY2d 781 [1976]; *Santoro* at 18). Consequently, "absent a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*Moore Charitable Foundation v PJT Partners, Inc.*, 40 NY3d 150 [2023]; *532 Madison Ave. Gourmet Foods, Inc. v Finlandia Center, Inc.*, 95 NY2d 280 [2001]).

Here, the court finds that Plaintiff has failed to sufficiently establish a threshold showing that FedEx or its employees owed a duty to her. Plaintiff's Amended Complaint fails to plead that a relationship existed between herself and FedEx that would have imputed or imposed a duty onto it to protect Plaintiff from any risk of harm.

[* 5]

Accordingly, that branch of FedEx's motion seeking dismissal of Plaintiff's negligence cause of action is granted.

To plead a cause of action based on negligent hiring, retention, supervision, and/or training of an employee, it must allege that an employer knew or should have known of an employee's propensity of the conduct which caused the accident (see *Brophy v Big Bros. Big Sisters of Am., Inc.*, 224 AD3d 866 [2d Dept. 2024]; quoting *Fuller v Family Servs. Of Westchester, Inc.*, 209 AD3d 983 [2d Dept. 2022]). Generally, where an employee is acting within the scope of his or her employment, the employer is liable under the doctrine of respondeat superior and no claim may proceed against the employer under a theory of negligent hiring, retention, or supervision (*S.W. v Catskills Regional Medical Center*, 211 AD3d 890 [2d Dept. 2022]; *Quiroz v Zottola*, 96 AD3d 1035 [2d Dept. 2012]; *Talavera v Arbit*, 18 AD3d 738 [2d Dept. 2005]; *Weinberg v The Cuttman Breast & Diagnostic Institute*, 254 AD 213 [1st Dept. 1998]).

Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment (*N.X. v Cabrini Medical Center*, 97 NY2d 247 [2002]; *Browne v Lyft, Inc.*, 219 AD3d 445 [2d Dept 2023]). Pursuant to this doctrine, a claim for respondeat superior must be premised on a tort committed by an employee in furtherance of the employer's business (*Sandra M. v St. Luke's Roosevelt Hosp. Center*, 33AD 875 [2d Dept. 2006]; see *Browne* at 446; citing *Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932 [1999]; *Riviello v Waldron*, 47 NY2d 297 [1979]). An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business (*Browne* at 446; citing *Montalvo c Episcopal Health Services, Inc.*, 172 AD3d 1357 [2d Dept. 2019]).

With respect to FedEx, paragraph 32 of Plaintiff's Amended Complaint does not explicitly state a cause of action for negligent hiring, retention, supervision, and/or training but alleges inter alia that FedEx:

> "failed to use due care and diligence; failed to properly train its employees on how to exit and enter a premise in which they were dropping off packages; had an employee look down at his phone or other device while walking forward, thus not paying attention to a person who was directly in front of him and in plain view; struck the Plaintiff when she was lawfully attempting to leave the premise; negligently attempted to exit the premise, thus striking the Plaintiff; walked at an unsafe speed, not paying attention, and struck the Plaintiff with such force she was knocked from her feet; failed to observe the Plaintiff; failed to act in a reasonable manner; and were otherwise careless and negligent."

Here, since the allegations in Plaintiff's Amended Complaint do not support a cause of action for tortious conduct by FedEx's employee, the claim for negligent hiring, retention, supervision, and/or training must fail (see *Smith v Watkins*, 145 AD3d 596 [2016]; *Polgano v Christakos*, 104 AD3d 501 [2013]; *Salovin v*

[* 6]

*Orange Reagional Med. Ctr.*, 174 AD3d 1991 [3d Dept. 2019]). Similarly, since Plaintiff failed to sufficiently plead a tort cause of action on the part of FedEx's employee, FedEx cannot be held vicariously liable on a theory of respondeat superior. Therefore, that branch of FedEx's motion seeking dismissal of Plaintiff's cause of action for negligent hiring, retention, supervision, and/or training or theory of vicarious liability under the doctrine of respondeat superior is granted.

Accordingly, it is hereby,

ORDERED, that FedEx's motion (Motion Seq. 2) to dismiss Plaintiff's Amended Complaint as against it, is granted, and it is further,

ORDERED, that Plaintiff's motion (Motion Seq. 3) to compel FedEx to appear for an EBT is denied as moot.

Issues not addressed herein are without merit or moot.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph J.S.C.

**Hon. Ingrid Joseph
Supreme Court Justice**