| **Spoto v Matos** |
|:---:|
| 2025 NY Slip Op 30358(U) |
| January 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156083/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. JAMES G. CLYNES                    PART                        22M
                                              *Justice*
---------------------------------------------------------------X    INDEX NO.            156083/2019

ANTHONY SPOTO,                                            MOTION DATE          01/04/2024

                          Plaintiff,                     MOTION SEQ. NO.          003

            - v -

LEONARDO E. MATOS, DONNA D. PIARD, Y&H                    **DECISION + ORDER ON**
GARAGES                                                        **MOTION**

                          Defendant.

---------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93

were read on this motion to/for _____ SUMMARY JUDGMENT (AFTER JOINDER) _____ .

Upon the foregoing documents, it is ordered that the motion by defendant Y&H Garages (Y&H) pursuant to CPLR 3212 (a) for an Order granting summary judgment in its favor and dismissing the Complaint and cross-claims against it, on the grounds that Y&H is not vicariously liable for the subject accident because defendant Leonardo E. Matos (Matos), an employee of Y&H at the time of the accident, was not acting within the scope of his employment with Y&H at the time of the accident, is decided as follows.

Plaintiff seeks recovery for personal injury sustained as a result of a February 8, 2019 motor vehicle accident involving a vehicle operated by plaintiff and a vehicle owned by Donna D. Piard (Piard) and operated by Matos who was an employee of Y&H on the date of the accident.

By Decision and Order dated December 9, 2020 (entered January 19, 2021) under the related action *Sean E. Christopher v Donna Piard, Leonardo E. Matos, and Y&H Enterprises, Inc.,* pending in this court under Index Number 152872/2019 (Action #1), this action (Action #2) and Action #1 were joined for discovery and trial. The joined actions arise from separate motor vehicle accidents on the same date involving the vehicle operated by each plaintiff and the vehicle owned by Piard and operated by Matos who was employed by Y&H on the date of the accident.

Y&H's submission, includes the unsigned April 2021 affidavit and December 2021 examination before trial testimony of Yves Michel, owner and manager of Y&H.

156083/2019  SPOTO, ANTHONY vs. MATOS, LEONARDO E.                            **Page 1 of 5**
Motion No.  003

1 of 5

In the unsigned affidavit, Michel, avers that he is the owner and manager of Y&H and that that Matos was employed by Y&H for parking and retrieving vehicles that customers brought into the garage, Matos was not allowed to take vehicles off the premises or use them for personal purposes, and Michel was not on the premises of Y&H Garages at the time of the subject accident, he does not know why Matos took Piard's vehicle out of the garage, as such act was not allowed within the scope of his employment, and he does not know what caused the subject accident, or if the vehicle had any defect. Michel further avers that Matos has not worked for Y&H Garages since the subject incident.

During his examination before trial, Michel testified that he is the owner and manager of Y&H, that the garage is located in a one-story building with one entrance and one exit and a capacity for 75 cars, that Y&H is open 24 hours and employs one parking attendant per shift for the three shifts: 6:00am to 4:00pm, 4:00pm to 12:00am, and 12:00am to 6:00am. Michel testified that Matos was employed by Y&H as a parking attendant for years and that Matos worked the 6am-4pm shift Monday through Friday on his own.

Michel testified that Matos was a licensed driver, but that Michel did not have a copy of Matos' driver's license. Michel testified that attendants park vehicles and that keys are left in the vehicles parked behind other vehicles and that some keys are left in the office. Michel testified that the attendant takes possession of the cars in the garage and that they are not supposed to take vehicles outside of the garage and that there is space inside the garage to move the vehicles. Michel testified that he told attendants there is room inside the garage and that they are not supposed to move vehicles in and out of the garage. Michel testified that the garage is never full and that there is always room to move vehicles inside the garage. Michel testified that he has fired an attendant for moving vehicles off premises and that he will fire them right away. Michel testified that he does not know how many times he has fired attendants for moving vehicles off the premises. Michel also testified that there were no prior incidents like this and that this was the first time this happened at the garage.

Michel testified that he was not present at the time of the accident and that he does not know if it was necessary to move Piard's vehicle to get another vehicle. Michel testified that a friend notified him about the accident after it happened and that he went to the garage at around 7:00am or 8:00am that morning and that by the time he arrived the Piard vehicle had been towed. Michel testified that when he asked Matos why he moved the vehicle off the premises, Matos did

156083/2019  SPOTO, ANTHONY vs. MATOS, LEONARDO E.
Motion No.  003

Page 2 of 5

[* 2]

not respond. Michel testified that he does not know why Matos moved the vehicle off the premises. Michel testified that he fired Matos on the date of the accident, but that he let Matos finish his shift. Michel testified that, "I don't think there is a reason to take the car out." Michel testified that he did not look at videos to see what the garage was like on the date of the accident.

Michel testified that his accountant would have any employee records relating to Matos.

Michel testified that there were four security cameras in the garage that take pictures but that he has not reviewed pictures from that day.

Michel testified that Piard was a long-term customer for a year or two before the accident and for a year after the accident, and that Piard's vehicle was frequently picked up in the morning and dropped off in the evening by Piard's husband daily.

Plaintiff submits an attorney affirmation in opposition contending that the motion should be denied because Michel's testimony in support of the motion is self-serving, conclusory and unsubstantiated by any other evidence and can no longer be substantiated by the testimony of Matos because, upon information and belief, both Michel and defendant Matos are deceased. Plaintiff argues that the motion should be denied because it does not explain why Matos was operating Piard's vehicle outside the parking garage and because Michel's testimony is inconsistent and therefore not credible.

Defendant Piard submits an attorney affirmation in opposition contending that the motion should be denied because Y&H has not established prima facie entitlement to summary judgment as a matter of law. Plaintiff contends that there is a material issue of fact as to whether Matos was acting within the scope of his employment with Y&H when he was operating Piard's vehicle off the garage premises, that Michel's affidavit and examination before trial testimony should be rejected because they are not signed or authenticated, and because Michel's testimony is self-serving and conclusory and is not corroborated by any other evidence, such as the testimony of other Y&H employees.

Under the common-law doctrine of respondeat superior, an employer—may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment (*see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999], *citing Riviello v Waldron*, 47 NY2d 297 [1979], *Jones v State of New York*, 33 NY2d 275 [1973]). "[T]he employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M.*, 93

156083/2019  SPOTO, ANTHONY vs. MATOS, LEONARDO E.
Motion No. 003

Page 3 of 5

NY2d at 933). Liability attaches "for the tortious acts of ... employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*Doe v Guthrie Clinic, Ltd.*, 22 NY3d 480, 484 [2014], *quoting NX v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251, 739 N.Y.S.2d 348, 765 N.E.2d 844 [2002]). Thus, if an employee "for purposes of [their] own departs from the line of... duty so that for the time being [their] acts constitute an abandonment of... service, the [employer] is not liable" (*Judith M.*, 93 N.Y.2d at 933 *[internal quotation marks and citations omitted]*). In determining whether an employee acted within the scope of employment for purposes of vicarious liability, the court considers, among other factors, "the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated" (i.e., whether it was foreseeable) (*Riviello*, 47 NY2d at 303; *see Judith M.*, 93 NY2d at 933). Whether an employee acted within the scope of employment is a fact-based inquiry (*Riviello*, 47 NY2d at 302–303). However, the question may be resolved on summary judgment, particularly when the material facts are undisputed (*see Joseph v City of Buffalo*, 83 NY2d 141 [1994]; *Zuckerman v City of New York*, 49 NY2d 557, 562–564 [1980]).

A defendant, on its motion for summary judgment, has the burden of demonstrating its prima facie entitlement to judgment as a matter of law (*Zuckerman v New York*, 49 NY2d 557 [1980]). Here, upon considering the *Riviello* factors, the Court finds that Y&H's submission does not establish prima facie entitlement to summary judgment as a matter of law in its favor because it does not establish that Matos was acting outside the scope of his employment at the time of the accident. Y&H's submission has not established as a matter of law that Matos was acting outside the scope of his employment when he moved the car off premises at the time of the accident. Michel's testimony that Piard's husband, not Piard, was the person who almost daily picked up the vehicle in the morning and dropped it off in the evening, that the Piard vehicle had been towed away when Michel arrived at the scene, and that the Piard vehicle continued to be parked at Y&H for more than a year after the accident, create issues of fact as to whether Matos was acting within the scope of his employment when he moved the vehicle off premises at the time of the accident.

Although Michel testified that he instructed employees, including Matos to move vehicles inside the garage and that they are not permitted to move vehicles off premises and that there as

156083/2019  SPOTO, ANTHONY vs. MATOS, LEONARDO E.
Motion No.  003

Page 4 of 5

4 of 5

[* 4]

always room to move the vehicles within the garage, he also testified that he was not present at the time of the accident, that he did not review security cameras from the garage on the date, and that he does not know why Matos moved the vehicle off premises at the time of the accident. Michel inconsistently testified that he had fired employees for moving vehicles off premises, that he did not remember when he had done so, and that this was the first time something like this happened.

The court finds that a triable issue of fact remains as to whether Matos was acting within the scope of his employment at the time of the accident and that Y&H has failed to establish prima facie entitlement to judgment as a matter of law. The motion is denied. Accordingly, it is

ORDERED that the motion by defendant Y&H for summary judgment in its favor and for dismissal of the Complaint and cross-claims against it is denied; and it is further

ORDERED that within 30 days of entry, plaintiff shall serve a copy of this Decision and Order with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 1/28/2025 | | | JAMES G. CLYNES, J.S.C. |
| DATE | | | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

       ☐ GRANTED   ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

156083/2019 SPOTO, ANTHONY vs. MATOS, LEONARDO E.        Page 5 of 5
Motion No. 003